JOHN KIERNAN *et ux. vs.* VICTOR BRENNAN.

JULY 25, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action of trespass and ejectment for possession of a tenement in the house numbered 238 Ohio avenue, in the city of Providence in this state, was tried by a justice of the superior court sitting without a jury, and he gave a decision for the defendant. The case is before us on plaintiffs' exceptions to this decision and to certain rulings on the admission of evidence. For convenience, we will hereinafter treat the case as if John Kiernan were the sole plaintiff.

No question of law is involved in the determination of the controlling issues in this case. It is undisputed that all notices relating to eviction required by both federal and state laws were duly given. Permission to institute this action was given by the office of price administration, commonly known as O.P.A., upon plaintiff's representation, under section 6(a) (6) of the housing regulations of that agency, that he, in good faith, had an immediate compelling necessity for the use of defendant's tenement as a dwelling for himself and family.

Plaintiff's house has two tenements, each of five rooms, with an unfinished attic on the third floor. His family consists of his wife and five children, the youngest of whom is fourteen years old. He and his family occupy the tenement on the second floor and the attic. All of the children live with the plaintiff, although at the time of the bringing of this action one was finishing a course at a nursing school and another was about to be released from military service. The defendant, who has a wife and two small children, occupies the first-floor tenement.

The plaintiff in substance testified that there was a compelling necessity for him to use both tenements for the accommodation of his family; that when all his children were

home he was compelled to use his dining room and the attic as bedrooms; and that more important yet was the fact that his wife, who had a heart ailment and varicose veins of the leg, was no longer able to use the stairs to and from the second-floor tenement. The plaintiff's wife did not testify, nor was there any medical testimony as to her actual physical condition.

The testimony of the defendant and his wife was to the effect that the plaintiff's wife was in no such physical condition as the plaintiff had represented; that the plaintiff constantly complained about the amount of water that they used and the noise of their children; and that the plaintiff threatened to evict them when, following a complaint by them to the O.P.A. as to certain conduct of the plaintiff, that agency ordered a reduction of rent.

It would serve no useful purpose to relate in any detail the conduct of the parties toward each other. The transcript before us is replete with accusations, recriminations, explanations and incidents that clearly show the existence of decidedly strained relations between the parties. On the highly conflicting evidence before him, the trial justice decided that the plaintiff had failed to prove his case by a fair preponderance of the evidence, stating in his decision from the bench that he was "not satisfied with Mr. Kiernan's story", especially with reference to the physical condition of his wife.

In the circumstances of this case, the credibility of the witnesses was of controlling force in determining the weight of the evidence. The trial justice had the opportunity of seeing and hearing the witnesses while testifying, an advantage that we do not have and which is of great importance in the determination of issues of fact upon conflicting testimony from interested witnesses. In these circumstances, after a careful consideration of the record before us, we cannot say that the decision of the trial justice on conflicting evidence was clearly wrong and therefore, in accordance with the settled rule, we shall not disturb his decision.

The plaintiff's exceptions to the admission of evidence have been considered and found to be without merit.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

Moss, J., did not participate in the decision.

*McKiernan, McElroy & Going, Peter W. McKiernan, John C. Going, John S. McKiernan,* for plaintiffs.

*Charles A. Curran,* for defendant.